## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| _____ | : | |
| Leslie Lyle CAMICK, | : | |
| | : | |
| Plaintiff, | : | Civil No. 16-8844 (RBK/JS) |
| | : | |
| v. | : | **Opinion** |
| | : | |
| Christopher E. SMITH, et al., | : | |
| | : | |
| Defendant(s). | : | |
| _____ | : | |

**KUGLER**, United States District Judge:

Plaintiff Leslie Lyle Camick ("Plaintiff") is proceeding *pro se* on claims under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution against Christopher E. Smith; Linda Loomis; Nicole Hills; the Municipality of Cowley County, Kansas; the Board of Commissioners for Cowley County, Kansas; and the City of Winfield, Kansas ("Defendants"). Plaintiff's application to proceed *in forma pauperis* will be granted based on the information provided therein and the Clerk will be ordered to file the Complaint. The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Complaint will be **DISMISSED**.

## I.      FACTUAL BACKGROUND

Plaintiff brings claims under the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution in connection with a criminal case brought against him in the District

of Kansas. *See generally* Compl. Following a jury trial, he was convicted of mail fraud, wire fraud, material false statement, aggravated identity theft, and obstruction of justice. *See* Compl. ¶ 72; *United States v. Camick*, 796 F.3d 1206, 1213 (10th Cir.), *cert. denied*, 136 S. Ct. 601 (2015). On appeal, the Tenth Circuit acquitted him of all counts but obstruction of justice. *See* Compl. ¶ 72; *Camick*, 796 F.3d at 1213. Plaintiff now brings this matter asserting that Defendants made false reports, conducted an improper investigation, obtained an invalid arrest warrant, denied him a speedy trial, and unlawfully detained him, throughout the period of 2011 to 2013. *See generally* Compl. Plaintiff filed this Complaint on November 28, 2016 (Doc. No. 1).

## II.     LEGAL STANDARD

District courts must review complaints in civil actions in which a litigant is proceeding *in forma pauperis* and must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not for courts to decide at this point whether the non-moving party will succeed on the merits, but "whether they should be afforded an opportunity to offer evidence in support of their

claims." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). While "detailed factual allegations" are not necessary, a "plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

## III.    DISCUSSION

Plaintiff's Complaint arises from events that occurred between 2011 and 2013. Plaintiff did not file his Complaint until November 28, 2016. Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date when a cause of action under § 1983 accrues is determined by federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.*

Plaintiff's claims are barred by the two-year statute of limitations. The Complaint asserts constitutional violations arising from events that took place in 2011 and 2013. These incidents fall more than two years before the Complaint's filing, and they are thus outside the statute of limitations. However, Plaintiff argues that equitable tolling applies. "Equitable tolling is a rare remedy to be applied in unusual circumstances." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). "It is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented

from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos* ex rel. *Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)). "To obtain the benefit of equitable tolling, a party also must show that 'she exercised due diligence in pursuing and preserving her claim.'" *Id.* (quoting *Santos*, 559 F.3d at 197). Plaintiff does not show that any of the three exceptions apply. Instead, he argues that he was barred from bringing this action by order of the District of Kansas. Contrary to Plaintiff's contention, however, the court actually denied a request to enjoin Plaintiff from filing pleadings in federal court (KSD, 13-cr-10042, Doc. No. 115). Thus, Plaintiff's action is barred by the statute of limitations, and the Court dismisses it with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's application to proceed without prepayment of fees and costs is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.


Dated: ___6/26/2017___               s/ Robert B. Kugler_____

                                     ROBERT B. KUGLER

                                     United State District Judge